

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00913-CR

Tam-Monta Lamont Eugene **HASTINGS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR8107
Honorable Frank J. Castro, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed: February 20, 2019

DISMISSED

On December 14, 2018, this court issued an order stating this appeal would be dismissed pursuant to Rule 25.2(d) unless an amended trial court certification that shows appellant has the right of appeal was made part of the appellate record within thirty days of the order. *See* TEX. R. APP. P. 25.2(d), 37.1; *see also Daniels v. State*, 110 S.W.3d 174, 175-76 (Tex. App.—San Antonio 2003, order). Appellant's counsel filed a response in which he states that he has reviewed the clerk's record and concludes "there is no support in the record for seeking an amended Trial Court's Certification of Defendant's Right of Appeal." In light of the record presented, Rule

25.2(d) requires this court to dismiss this appeal. Tex. R. App. P. 25.2(d). The record does not contain a certification that shows the defendant has the right of appeal; to the contrary, the trial court certification in the record states "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the clerk's record supports the trial court's certification that the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). Accordingly, we dismiss the appeal. *See* Tex. R. App. P. 25.2(d).

PER CURIAM

Do not publish